UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SHELLY ANN SCHMUHL,

        Plaintiff,

  v.                                                Case No. 18-cv-689-pp

COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION,

        Defendant.

**ORDER GRANTING MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 3)**

      On May 2, 2018, the plaintiff filed a complaint seeking judicial review of a final administrative decision denying her claim for disability insurance benefits under the Social Security Act. Dkt. No.1. The plaintiff also filed a motion for leave to proceed without prepayment of the filing fee. Dkt. No.3.

      In order to allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff has the ability to pay the filing fee, and if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

      Based on the facts presented in the plaintiff's affidavit, the court concludes that she does not have the ability to pay the filing fee. The plaintiff's affidavit indicates that she and her husband have a combined monthly income of $3,000. Dkt. No. 3 at 2. The plaintiff states, however, "I have only been working for a short time . . . and I have not been able to maintain atte[n]dance

1

or job pace on a regular basis. It is doubtful that I will be employed for a significant time." Id. at 4. The plaintiff indicates that her expenses total $3,416, id. at 2-3, that she does not own a home, that she owns a car worth approximately $2,000, and that she has cash or savings/checking accounts totaling $3.13 and jewelry worth approximately $100, id. at 3-4. The court concludes from that information that the plaintiff has demonstrated that she cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 Fed. 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint alleges that the decision that denied her benefits (1) found she had moderate limitations in all areas of mental functioning, but did not designate the time off task due to those limitations or provide a function-by-function assessment of those limitations; (2) relied heavily on her limited activities to find that she was capable of sustained full time employment; and (3) provided job numbers for the nation, but no local job numbers. At this early stage in the case, and based on the information in the

2

plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without paying the filing fee. Dkt. No.3.

Dated in Milwaukee, Wisconsin this 8th day of June, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**